*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

In re BISHOP, Minor.

UNPUBLISHED
December 3, 2019

No. 349148
Wayne Circuit Court
Family Division
LC No. 15-519604-NA

Before: METER, P.J., and JANSEN and GLEICHER, JJ.

GLEICHER P.J. (*concurring in part and dissenting in part*).

The majority holds that "the petitioner is not required to provide reunification services when termination of parental rights is the agency's goal." For the reasons cogently stated by Judge Jane BECKERING in *In re LD Rippy*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 347809), slip op at 4-6, (BECKERING, J, dissenting), I respectfully disagree with this statement. As Judge BECKERING's dissenting opinion describes, this proposition, frequently repeated though it is in this Court's caselaw, incorrectly describes the law. Like in the child's game of "telephone," the actual legal principle at the heart of the statement has morphed into an inaccurate, shortcut message. As Judge BECKERING explains, the principle is this: reasonable efforts to reunify the child and family must be made in *all* cases except those involving aggravated circumstances. See *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). See also *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017) (instructing that "[u]nder Michigan's Probate Code, the Department has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights," except if "certain enumerated exceptions" exist).

One such enumerated exception is: "The parent has had rights to the child's siblings involuntarily terminated and the parent has failed to rectify the conditions that led to that termination of parental rights." MCL 712A.19a(2)(c). The evidence clearly and convincingly supports this aggravated circumstance. I would hold that reasonable efforts were unnecessary in this case, and that therefore respondent has not demonstrated that petitioner erred by failing to investigate placement with her mother.

/s/ Elizabeth L. Gleicher

-1-